UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERMAINE GORE,

        Plaintiff,

v.

TACOMA POLICE DEPARTMENT,

        Defendants.

Case No. C18-5075-BHS-TLF

ORDER DIRECTING SERVICE OF AMENDED CIVIL RIGHTS COMPLAINT AND DENYING SECOND IFP MOTION AS MOOT

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding with this action *pro se* and *in forma pauperis*. The Court, having reviewed plaintiff's Response to Order to Show Cause and Amended Complaint (Dkt. 11), and his second motion to proceed *in forma pauperis*, hereby ORDERS as follows:

    (1)    <u>IFP</u>

By order dated March 5, 2018, the Court granted plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. 7. Plaintiff subsequently filed another motion for leave to proceed *in forma pauperis* (Dkt. 10). Plaintiff's motion (Dkt. 10) is DENIED as moot as he has already been granted *in forma pauperis* status by virtue of this Court's prior order (Dkt. 7).

    (2)    <u>Service by Clerk</u>

The Clerk is directed to send the following to defendants Tacoma Police Department, Kevin Wales (PO), Jeffrey Thiry (Officer), and Brian Vold (detective), by first class mail: a copy of plaintiff's Response to Order to Show Cause and Amended Complaint (Dkt. 11), a copy of

ORDER DIRECTING SERVICE OF AMENDED CIVIL
RIGHTS COMPLAINT AND DENYING SECOND IFP
MOTION AS MOOT - 1

1  this Order, two copies of the notice of lawsuit and request for waiver of service of summons, a

2  waiver of service of summons, and a return envelope, postage prepaid, addressed to the Clerk's

3  Office. The Clerk shall also send courtesy copies of this Order and the Response to Order to

4  Show Cause and Amended Complaint to the Tacoma City Attorney's Office.

(3) <u>Defendants Not Named in the Amended Complaint Stricken</u>

The Court notes that plaintiff named several individual federal officers as well as police officer Stuart Hoisington in his original complaint. Dkt. 8. However, plaintiff fails to name those federal officers or Officer Hoisington in his amended complaint. While the amended complaint makes some conclusory allegations against federal officers generally, it fails to identify those officers by name nor does it specifically allege facts showing how those federal officers personally participated in the alleged constitutional violation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (to state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint.). As the Court noted in its prior order directing plaintiff to show cause or amend his complaint (Dkt. 9), any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Accordingly, the Court deems the claims against the individual federal officers and Officer Stuart Hoisington waived and the Clerk is directed to strike those defendants from the docket. If plaintiff believes he has sufficient information to cure these deficiencies and to state claims against any individual federal officers or Officer Hoisington, he may seek leave of the Court to amend his complaint to include those individuals as defendants.

The Court notes that if plaintiff seeks leave to file a second amended complaint, the proposed second amended complaint shall be presented on the form provided by the Court, must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint or first amended complaint by reference. Furthermore, any proposed second amended complaint must consist of a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). If plaintiff seeks leave to file a second amended complaint and such request is granted by the Court the second amended complaint will act as a complete substitute for the first amended complaint, and not as a supplement.

      (4)    <u>Response Required</u>

Defendant(s) shall have **thirty (30) days** within which to return the enclosed waiver of service of summons. A defendant who timely returns the signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

A defendant who fails to timely return the signed waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **thirty (30) days** after service.

(5) <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original with the Clerk. All filings, whether filed electronically or in traditional paper format, must indicate in the upper right hand corner the name of the magistrate judge to whom the document is directed.

For any party filing electronically, when the total of all pages of a filing exceeds fifty (50) pages in length, a paper copy of the document (with tabs or other organizing aids as necessary) shall be delivered to the Clerk's Office for chambers. The chambers copy must be clearly marked with the words "Courtesy Copy of Electronic Filing for Chambers."

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter.

(6) <u>Motions, Generally</u>

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, and motions for the court to

enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed. *See* LCR 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion. *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion. *Id*.

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion. If a party (i.e. a *pro se* litigant and/or prisoner) files a paper original, that opposition must be received in the Clerk's office by 4:30 p.m. on the Monday preceding the date of consideration.

The party making the motion may file and serve, not later than 11:59 p.m. (if filing electronically) or 4:30 p.m. (if filing a paper original with the Clerk's office) on the date designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

(7) <u>Motions to Dismiss and Motions for Summary Judgment</u>

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules. As noted above, these motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

Defendants filing motions to dismiss based on a failure to exhaust or motions for summary judge are advised that they MUST serve a *Rand* notice concurrently with motions to dismiss based on a failure to exhaust and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to

oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added.)

Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

(8) <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

(9) The Clerk is directed to send copies of this Order and of the Court's *pro se* instruction sheet to plaintiff.

Dated this 10th day of October, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DIRECTING SERVICE OF AMENDED CIVIL
RIGHTS COMPLAINT AND DENYING SECOND IFP
MOTION AS MOOT - 6