UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERMAINE GORE,

               Plaintiff,

   v.

TACOMA POLICE DEPARTMENT ET. AL.,

               Defendants.

Case No. C18-5075-BHS-TLF

ORDER DENYING WITHOUT PREJUDICE MOTIONS FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND FOR COURT-APPOINTED COUNSEL

      This matter comes before the Court on plaintiff's motions to file a second amended complaint and for court-appointed counsel. Dkt. 14. For the reasons discussed below, plaintiff's motions are denied without prejudice.

### Motion for Leave to File Second Amended Complaint

      Plaintiff moves for leave to file a second amended complaint to include additional defendants. Dkt. 14. Federal Rule of Civil Procedure 15(a)(2) provides that, where a party seeks leave to file an amended complaint "[t]he court should freely give leave where justice so requires." Fed. R. Civ. P. 15(a)(2). Local Rule 15 further provides that,

> [a] party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

Here, plaintiff fails to include a copy of the proposed second amended complaint with his motion and, as such, the Court is unable to properly evaluate the merits of plaintiff's request. Accordingly, plaintiff's motion is denied without prejudice. If plaintiff re-moves for leave to file a second amended complaint his motion should comply with the requirements of Local Rule 15 and should explain why amendment is appropriate.

Furthermore, plaintiff is reminded that the proposed second amended complaint shall be presented on the form provided by the Court, must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint or first amended complaint by reference. If plaintiff seeks leave to file a second amended complaint and such request is granted by the Court the second amended complaint will act as a complete substitute for the first amended complaint, and not as a supplement. Thus, in addition to any new claims or defendants plaintiff requests to include – if the plaintiff intends to proceed against the defendants currently named in the action, he must re-allege his claim(s) against those defendants as well.

Any proposed second amended complaint must consist of a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person(s) (defendant(s)) who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

## Request for Court-Appointed Counsel

The Court also notes that plaintiff's motion includes a request that the Court assign him counsel to assist him in these proceedings. Dkt. 14, at 2.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Here, plaintiff presents no facts to show he is likely to succeed on the merits, that he has an insufficient grasp of his case or the legal issues involved, or that he is unable to articulate the factual basis of his claim. The Court notes that plaintiff has successfully filed a serviceable complaint and that his filings demonstrate an adequate ability to explain the factual and legal aspects of his claims. Furthermore, at this early point in the case it is difficult to assess the likelihood of success on the merits or whether the issues in this case are necessarily complex. Accordingly, plaintiff fails to demonstrate at this point that he is unable to present his claims to this Court without counsel. As such, plaintiff's motion for court-appointed counsel is denied without prejudice.

ORDER DENYING WITHOUT PREJUDICE MOTIONS
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
AND FOR COURT-APPOINTED COUNSEL - 3

## Conclusion

Plaintiff's motions for leave to file a second amended complaint and for court-appointed counsel (Dkt. 14) are DENIED without prejudice.

**The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the Pro Se Information Sheet.**

Dated this 20th day of November, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING WITHOUT PREJUDICE MOTIONS
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
AND FOR COURT-APPOINTED COUNSEL - 4