UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERMAINE GORE,

                Plaintiff,

v.

TACOMA POLICE DEPARTMENT,

                Defendants.

Case No. C18-5075 BHS-TLF

ORDER GRANTING EXTENSION OF TIME, DENYING MOTION FOR INJUNCTIVE RELIEF, DENYING MOTION FOR THE COURT TO CONDUCT DISCOVERY, AND DENYING MOTION TO APPOINT COUNSEL

This matter comes before the court on plaintiff's motion for extension of time, appointment of counsel, discovery, and injunctive relief. Dkt. 41. Defendants have not filed a response. The court has considered the record and will GRANT plaintiff's unopposed motion for extension of time, DENY plaintiff's motion for appointment of counsel, DENY plaintiff's motion for discovery, and DENY plaintiff's motion for injunctive relief.

DISCUSSION

I. *Extension of Time*

Plaintiff requests an extension of time to respond to defendants' pending motion for summary judgment (Dkt. 35). Dkt. 41. In light of defendants' lack of opposition, the court finds that a 60-day extension is appropriate to allow plaintiff to form his complete response to defendant's motion for summary judgment.

II. *Appointment of Counsel*

ORDER GRANTING EXTENSION OF TIME, DENYING
MOTION FOR INJUNCTIVE RELIEF, DENYING
MOTION FOR THE COURT TO CONDUCT DISCOVERY,
AND DENYING MOTION TO APPOINT COUNSEL - 1

The court declines to appoint counsel for plaintiff. Plaintiff may renew this motion if, later in the proceedings, exceptional circumstances would require appointment of counsel.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved, and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff has pursued his claims in all the proceedings prior to this motion *pro se* and has demonstrated an ability to articulate himself in a clear fashion understandable to this Court.

Plaintiff presents no evidence to show whether he is likely to succeed on the merits of his case. While plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant. Plaintiff has asserted his indigence and lack of legal education require the assignment of counsel, but these factors are not more exceptional than those typically faced by an incarcerated litigant. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (noting

ORDER GRANTING EXTENSION OF TIME, DENYING
MOTION FOR INJUNCTIVE RELIEF, DENYING
MOTION FOR THE COURT TO CONDUCT DISCOVERY,
AND DENYING MOTION TO APPOINT COUNSEL - 2

that contended exceptional factors were "difficulties which any litigant would have in proceeding pro se"). Plaintiff has not met his burden to demonstrate an inability to present his claims to this Court without counsel or to show that exceptional circumstances require the Court to appoint counsel at this stage.

III.     *Other Motions*

Plaintiff further requests that the Court send him a copy of the "Tacoma Police Department's Training Manual, Policy and Procedures on Detention and Investigations." The Court construes this request for aid as a motion for discovery. Dkt. 41, at 4. Plaintiff, however, may not serve discovery requests through the Court. See Local Rule 5 ("discovery requests and responses must not be filed until they are used in the proceedings or the court orders filing"). If plaintiff wishes to conduct discovery, he must mail discovery requests to defendants' counsel. The Court declines to grant this motion.

Finally, plaintiff asks the Court to order injunctive relief, that he be given "priority use of the law library" in his detention facility. Dkt. 41, at 4. The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). A plaintiff seeking a preliminary injunction must establish (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff's request is meant to counter the removal of his library privileges, not to maintain a status quo during litigation. Therefore, the Court will also deny this motion.

ORDER GRANTING EXTENSION OF TIME, DENYING
MOTION FOR INJUNCTIVE RELIEF, DENYING
MOTION FOR THE COURT TO CONDUCT DISCOVERY,
AND DENYING MOTION TO APPOINT COUNSEL - 3

## CONCLUSION

As plaintiff has not shown appointment of counsel is appropriate at this time, the motion for the appointment of counsel (Dkt. 41) is DENIED without prejudice. His motion for extension of time (Dkt. 41) is GRANTED. Plaintiff's other motions for discovery and injunctive relief (Dkt. 41) are DENIED. Plaintiff shall have until January 17th, 2020, to respond to the motion for summary judgment. Defendant shall have until January 24th, 2020, to reply. The Clerk of Court is directed to re-note the motion for summary judgment to dismiss to January 24th, 2020.

Dated this 19th day of November, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING EXTENSION OF TIME, DENYING MOTION FOR INJUNCTIVE RELIEF, DENYING MOTION FOR THE COURT TO CONDUCT DISCOVERY, AND DENYING MOTION TO APPOINT COUNSEL - 4