UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERMAINE GORE,

          Plaintiff,

v.

TACOMA POLICE DEPARTMENT, et al.,

          Defendants.

Case No. C18-5075-BHS-TLF

ORDER DENYING MOTION TO "SUPPLEMENT THE RECORD" AND MOTION FOR DEFAULT JUDGMENT

Plaintiff proceeds *pro se* and *in forma pauperis* in this civil rights action. Plaintiff now moves to "supplement the record" and for default judgment against defendants Jacob Whitehurst, Todd Bakken, and Tom Grabski. Dkt. 34. For the reasons below, plaintiff's motion is DENIED.

**A.    Motion to "Supplement the Record"**

Plaintiff moves to "supplement the record" to submit what purport to be transcripts from a suppression hearing in plaintiff's criminal case including testimony from defendants Thiry, Wales and Vold, as well as investigation reports by defendants Whitehurst, Bakken and the Tacoma Police Department. Dkt. 34.

Plaintiff's motion and submissions are improper in this context. Plaintiff does not include any additional claims against defendants in his motion. *Id.* To the extent plaintiff seeks to add evidence to the record, his efforts at this juncture are futile. Evidence may not be randomly submitted to the Court, there must be some context for consideration of

the proffered evidence. Typically, evidence is submitted to the Court in support of, or in opposition to, a request for relief apart from merely the request that the Court accept the evidence.

The evidence submitted by plaintiff, which is untethered from any request for relief apart from the request that the evidence simply be accepted, is not properly before the Court. Accordingly, plaintiff's "motion to supplement the record" is DENIED without prejudice to plaintiff's submission of the evidence in a proper context, e.g., in support of or in opposition to a proper request for relief from the Court.

Plaintiff is also advised that if he wishes to add factual allegations to his current complaint, he must seek leave of court to file a third amended complaint together with a proposed amended pleading including *all* of the claims he intends to allege. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (an amended complaint supersedes the original in its entirety, making the original as if it never existed); Local Rule 15.

**B.      Motion for Default Judgment**

Plaintiff also moves a default judgment (Dkt. 34) against defendants Jacob Whitehurst, Todd Bakken, and Tom Grabski, based upon their failure to answer the complaint.  Rule 55 of the Federal Rules of Civil Procedure provides in relevant part:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought **has failed to plead or otherwise defend**, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> **(1) *By the Clerk*.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

> **(2) By the Court.** In all other cases, the party must apply to the court for a default judgment. . . .

*Id.* (emphasis added).

Here, plaintiff's motion for default judgment against defendants Jacob Whitehurst, Todd Bakken, and Tom Grabski is premature because these defendants have not been served in this action. The Court has directed service of plaintiff's second amended complaint against the unserved defendants Jacob Whitehurst, Todd Bakken, and Tom Grabski, and Stuart Hoisington, by separate order.

Accordingly, plaintiff's motion for default judgment is DENIED without prejudice as premature.

The Clerk shall send a copy of this Order to plaintiff and to counsel for defendants.

Dated this 21st day of February, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge