UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERMAINE GORE,

            Plaintiff,

v.

TACOMA POLICE DEPARTMENT,

           Defendants.

Case No. C18-5075 BHS-TLF

ORDER GRANTING MOTION FOR EXTENSION OF TIME

This matter comes before the Court on plaintiff's Motion for Extension of Time to Oppose Summary Judgment and Appointment of Counsel. Dkt. 71. Defendants have objected to plaintiff's motion. Dkt. 72.

<u>Motion for Extension of Time</u>

The Court has granted the plaintiff three previous extensions of time to respond to defendants' motion for summary judgment. Dkt. 45, 49, 68. In plaintiff's April 9, 2020 motion for extension of time, plaintiff explained that due to the COVID-19 pandemic and social distancing measures taken in response to the pandemic, plaintiff was unable to obtain his legal materials and could not respond to the motion for summary judgment. Dkt. 63. Accordingly, the Court granted plaintiff an extension of time until August 17, 2020, to respond to the motion for summary judgment. Dkt. 68. The Court advised plaintiff that the Court would not extend the deadline beyond August 17, 2020 unless

ORDER GRANTING MOTION FOR EXTENSION OF TIME - 1

1  plaintiff submitted a motion documenting an emergency, beyond plaintiff's control, that
2  prevents plaintiff from being able to file a response. Dkt. 68.
3        Plaintiff has submitted a report from the State of Washington Department of
4  Health showing that plaintiff tested positive for COVID-19 in July of 2020. Dkt. 71 at Ex.
5  A. Plaintiff informs the Court that after testing positive for COVID-19 plaintiff was
6  isolated and not allowed to access the law library. Dkt. 71. Plaintiff's motion for
7  extension of time sufficiently demonstrates that an emergency beyond plaintiff's control
8  – testing positive for COVID-19 and the resulting quarantine period – prevented plaintiff
9  from being able to file a response to the motion for summary judgment.
10        Based on the foregoing, the Court grants plaintiff an extension of time to respond
11  to defendants' motion for summary judgment. However, the Court will not grant
12  plaintiff's request to extend the deadline to respond until January of 2021. Defendants'
13  motion for summary judgment was filed on July 3, 2019 and the original noting date was
14  August 2, 2019. Dkt. 35. The motion for summary judgment has been pending for over a
15  year and the Court has already granted plaintiff three previous extensions of time.
16  Additionally, plaintiff has now had 62 weeks to file a response to the motion for
17  summary judgment. Plaintiff had ample opportunity to prepare a response before he
18  tested positive for COVID-19, and therefore an extension until January 2021 is not
19  warranted.
20        Accordingly, the Court shall grant plaintiff one final extension of time, plaintiff has
21  until October 1, 2020 to respond to defendants' motion for summary judgment. Plaintiff
22  is advised that this is the final extension of time and the Court will not entertain another
23  motion to extend the deadline to file plaintiff's response to the motion for summary
24
25

ORDER GRANTING MOTION FOR EXTENSION OF
TIME - 2

judgment. Defendants' shall have until October 9, 2020 to file a reply brief. Defendants' motion for summary judgment shall be noted by the Clerk for the motion docket on October 9, 2020.

## Motion for Appointment of Counsel

In addition to requesting an extension of time, plaintiff also request that the Court appoint plaintiff counsel. Dkt. 71.

No constitutional right exists to appoint counsel in a Section 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issues involved, and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand,* 113 F.3d at 1525.

ORDER GRANTING MOTION FOR EXTENSION OF
TIME - 3

Plaintiff has presented no facts showing that he is likely to succeed on the merits in this action. Additionally, plaintiff has not demonstrated that his claims are particularly complex or that he is unable to articulate the factual basis of his claims *pro se*.

Plaintiff contends that his difficulty navigating discovery and lack of access to legal materials demonstrates that plaintiff is unable to articulate his claims. Dkt. 71 at 4. Plaintiff also alleges that his unsuccessful discovery motions demonstrate that he cannot articulate his claims. *Id*. However, the fact that a *pro se* plaintiff might be better served with the assistance of counsel is not the test and does not warrant appointment of counsel. *Rand,* 113 F.3d at 1525. Additionally, the need for further factual discovery, by itself, does not establish the complexity of the legal issues. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 n. 5 (9th Cir. 1986). Further, limited access to resources and lack of legal knowledge are insufficient to require appointment of counsel. *Woods v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (noting that these limitations are "difficulties which any litigant would have in proceeding pro se.").

Instead, the Court must consider whether plaintiff has shown that plaintiff has an insufficient grasp of his case or the legal issues involved, and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Plaintiff has successfully filed a serviceable complaint articulating the factual basis of his claims. Additionally, plaintiff's current motion for extension of time reiterates the factual basis of his claims and demonstrates an understanding of the issues in this litigation. Dkt. 71. Further, plaintiff has filed various motions that explain the factual basis underlying plaintiff's claims and the motion. Dkt.

ORDER GRANTING MOTION FOR EXTENSION OF TIME - 4

34, 41, 46, 63, 71. Accordingly, the record and plaintiff's filings demonstrate that plaintiff can adequately explain the factual and legal aspects of his claims.

Next, plaintiff contends that he tested positive for COVID-19 and that the symptoms constitute an exceptional circumstance warranting appointment of counsel. Dkt. 71. Plaintiff alleges that due to COVID-19 plaintiff is suffering confusion that make it hard to comprehend or concentrate. Dkt. 71 at 4. However, plaintiff's motion explains the factual basis of his claims, cites to appropriate case law, explains the need for additional time to respond to the motion for summary judgment and provides details explaining his allegation that defendants have been uncooperative in providing discovery. Dkt. 71. Accordingly, it appears from the motion that plaintiff's confusion or difficulty concentrating have not impacted plaintiff's ability to articulate his claims or the factual basis underlying his claims.

Plaintiff has not demonstrated a sufficient likelihood of success for his claims, that he is unable to present his claims or that other exceptional circumstances warrant appointment of counsel. Therefore, plaintiff's motion for court-appointed counsel is denied without prejudice.

ORDER GRANTING MOTION FOR EXTENSION OF TIME - 5

Conclusion

For the reasons stated herein, plaintiff is granted one final extension of time and shall have until October 1, 2020 to respond to defendants' motion for summary judgment. Plaintiff is advised that this is the final extension of time and the Court will not entertain another motion to extend the deadline to file plaintiff's response to the motion for summary judgment. Defendants' shall have until October 9, 2020 to file a reply brief.

Plaintiff's motion for appointment of counsel (Dkt. 71) is denied without prejudice.

Dated this 1st day of September, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge