UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERMAINE GORE,

                          Plaintiff,

        v.

TACOMA POLICE DEPARTMENT,

                          Defendants.

Case No. C18-5075 BHS-TLF

REPORT AND
RECOMMENDATION

Noted for October 30, 2020

This matter comes before the Court on defendants City of Tacoma, Brian Vold, Jeff Thiry, Kevin Wales, and Stuart Hoisington's (collectively "state defendants") motion for summary judgment. Dkt. 35. Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of plaintiff's constitutionally protected rights. Dkt. 26. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the Court should grant the state defendants' motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an inmate incarcerated at Monroe Correctional Complex. Dkt. 26. This action arises out plaintiff's arrest. *Id*.

Plaintiff alleges that on May 5, 2015, while legally parked, he was illegally detained, questioned, searched and arrested. Dkt. 26 at 3. Plaintiff alleges that he was sitting in his car and did not know that the passenger in his vehicle was a suspect in a

criminal investigation. Dkt. 26 at 3. The complaint states that the defendants blocked plaintiff's car, instructed plaintiff to get out of his vehicle and cuffed plaintiff. *Id.*

Plaintiff states that while the passengers in the vehicle were searched, the police found that one of the passengers was carrying a gun and illegally placed the gun in plaintiff's car. Dkt. 26 at 3. Plaintiff alleges that he was questioned at the police station for hours while his vehicle was impounded, and plaintiff was not allowed to leave. *Id.* The complaint contends that officers found drugs in the impounded vehicle. *Id.* Finally, plaintiff states that as a result of the defendants' alleged misconduct, plaintiff was charged with a crime, convicted, got divorced, lost property, and lost money. *Id.*

In support of their motion, the defendants filed the affidavits of Stuart Hoisington (Dkt. 36), Jennifer Taylor (Dkt. 37), Brian Vold (Dkt. 38), and Jeffrey Thiry (Dkt. 39).

The Affidavit of Stuart Hoisington states that on May 1, 2015 the Tacoma Police Department was called to the scene of a drive by shooting which resulted in one death. Dkt. 36 at ¶¶ 3, 4. Witnesses stated that the shots came from two individuals in a white SUV. *Id.* at ¶¶ 4, 5. During the course of the investigation, witnesses identified Alexander Kitt, Trevion Tucker, Lance Milton-Ausley and Jeremy Bolieu as suspects involved in the shooting. Affidavit of Hoisington, Dkt 36 at ¶¶ 7, 11.

On May 5, 2015, the Tacoma Police Department received a tip that Kitt was scheduled for a drug urinalysis at Pierce County Alliance that same afternoon. *Id.* at ¶ 12. Kitt was observed exiting a 2001 white and tan Cadillac DeVille and entering Pierce County Alliance. *Id.* Hoisington states that FBI Agent Todd Bakken advised the Tacoma Police Department that Kitt was detained at Pierce County Alliance and Tacoma Police Department officers approached the DeVille on foot to speak to the occupants. *Id.*

1    The Affidavit of Hoisington states that a passenger in the DeVille voluntarily

2  identified himself as Jermohn Gore. Dkt. 36 at ¶ 13. According to Hoisington, Jermohn

3  Gore was detained in connection with an unrelated aggravated assault and informed the

4  officers that there was a rifle in the car in a bag on the floorboard. *Id.* A frisk of another

5  passenger found a loaded pistol and crack cocaine. *Id* at ¶ 14.

6    Plaintiff, the driver of the vehicle, identified himself to the officers. Dkt. 36 at ¶ 15.

7  Based on the fact that Kitt was seen exiting the vehicle, a gun matching the type used in

8  the shooting was found in the vehicle and several suspects from the shooting remained

9  outstanding and unidentified, Detective Vold had the DeVille impounded while all of the

10  occupants were detained at the Tacoma Police Department Headquarters. *Id.* at ¶¶ 16,

11  17. According to Detective Reopelle's report, plaintiff agreed to answer questions,

12  admitted to driving Kitt to the drug test but denied any knowledge of the shooting and

13  denied weapon possession. *Id.* at ¶ 17. According to Hoisington, plaintiff was released

14  from the station after the interview with Reopelle concluded. *Id.*

15    Officer Hoisington states that he applied to the Pierce County Superior Court for

16  a search warrant authorizing a search of the 2001 Cadillac DeVille. Dkt. 36 (Affidavit of

17  Hoisington) at ¶ 18; Dkt. 36 Ex. 1 (Signed Complaint for Search Warrant); Dkt. 36, Ex. 2

18  (Authorized Search Warrant). The search of the vehicle produced various items

19  including an assault rifle, a Springfield XP .40 caliber semiautomatic pistol, a .38 caliber

20  Taurus revolver, a digital scale, three baggies of marijuana, two bags of suspected

21  cocaine base, a bag with suspected powder cocaine, a box of .38 caliber ammunition, a

22  bag with suspected methamphetamine, a bag of marijuana, and a .38 caliber Charter

23  Arms revolver. Dkt. 36 at ¶ 19; Dkt. 36 Ex. 3 (Signed Return of Officer Form).

24

25

REPORT AND RECOMMENDATION - 3

1    As a result of this search, plaintiff was charged and convicted of unlawful

2  possession of a firearm in the first degree, unlawful possession of a controlled

3  substance with the intent to deliver cocaine, unlawful possession of a controlled

4  substance with intent to deliver methamphetamine and rendering criminal assistance in

5  the first degree. Dkt. 36 at ¶ 22; Dkt. 37 (Affidavit of Jennifer Taylor) at ¶¶ 1-6; Dkt. 37

6  Ex. 1 (Information filed in State of *Washington v. Jermaine Gore*, Sr. No. 15-1-02681-1);

7  Dkt. 37 at Ex. 2 (Declaration of Determination of Probable Cause in State of

8  Washington v. Jermaine Gore); Dkt. 37 Ex. 3 (Finding of Facts and Conclusions of Law

9  issued by the Honorable Edmund Murphy); Dkt. 37 Ex 4 (Amended Information filed in

10  State of Washington v. Jermaine Gore Sr.); Dkt. 37 Ex. 5 (Warrant of Commitment and

11  the Judgment and Sentence issued in State of Washington v. Jermaine Gore Sr.).

12    In support of defendant's motion, Jennifer Taylor attached the decision from the

13  Court of Appeals of the State of Washington Division II in the case *State of Washington*

14  *v. Gore*, No. 48960-1-II. Dkt. 37 Ex. 6. Plaintiff appealed his conviction arguing that "(1)

15  trial counsel was ineffective when he agreed to an order allowing the State to search

16  Gore's cell phone, (2) insufficient evidence supports the firearm sentencing

17  enhancement, and (3) the prosecutor engaged in misconduct by making an improper

18  'puzzle' analogy during closing argument." Dkt. 37 Ex. 6 at 1. Plaintiff filed a statement

19  of additional grounds asserting that "(4) the search warrant for his vehicle was not

20  supported by probable cause and (5) he was unlawfully detained." *Id.*

21    The Court of Appeals of the State of Washington held that plaintiff's counsel at

22  trial was ineffective when he and plaintiff inadvertently signed an order allowing the

23  State to examine the contents of plaintiff's cell phone, resulting in more serious charges

24

25

1    and an additional charge. Dkt. 37 Ex. 6 at 2. The Court of Appeals rejected plaintiff's
2    remaining contentions. *Id.*

3          The Court of Appeals reviewed the trial court's decision in denying plaintiff's
4    motion to suppress evidence. Dkt. 37 Ex. 6 at 18-25. The Court considered the validity
5    of the search warrant authorizing the search of plaintiff's vehicle and the police seizure
6    of plaintiff. *Id.* at 18, 23. The Court held that, based on the facts contained in the search
7    warrant affidavit, probable cause existed to support the challenged search warrant. *Id.*
8    at 22. Plaintiff also argued that all evidence obtained from the search of his car should
9    have been excluded because it was obtained as a result of his unlawful detention. *Id.* at
10    23. The Court of Appeals disagreed holding that the trial court's findings of fact
11    supported the conclusion that plaintiff's detention was lawful. *Id.* at 25.

12          The Court of Appeals reversed and remanded plaintiff's conviction for unlawful
13    possession of a controlled substance with intent to deliver, the rendering criminal
14    assistance conviction, and the related firearm enhancement based on ineffective
15    assistance of counsel. Dkt. 37 Ex. 6 at 25. The Court affirmed the first-degree unlawful
16    possession of a firearm conviction. *Id.*

17          The Pierce County Prosecuting Attorney filed a Second Amended Information
18    charging plaintiff with 1) unlawful possession of a firearm in the first degree, 2) unlawful
19    possession of a controlled substance, cocaine, with intent to deliver, 3) unlawful
20    possession of a controlled substance, methamphetamine, with intent to deliver, and 4)
21    rendering criminal assistance in the first degree. Dkt. 37 at Ex. 7. On March 25, 2019,
22    plaintiff plead guilty to the two charges for unlawful possession of a controlled

23
24
25

1  substance with intent to deliver and the charge of rendering criminal assistance in the

2  first degree. Dkt. 37 at Ex. 8.

3                    II.      DISCUSSION

4     A.  State Defendants' Motion for Summary Judgment

5        The State Defendants' Motion for Summary Judgment argues that plaintiff's

6  complaint should be dismissed because: 1) plaintiff's complaint fails to establish the

7  necessary requirements for municipal liability claims; 2) plaintiff's federal claims are

8  subject to dismissal based on the doctrine of qualified immunity; 3) plaintiff's claims are

9  barred by the doctrine set forth in Heck v. Humphrey; and 4) plaintiff's claims against

10 Detective Hoisington should be dismissed for lack of personal jurisdiction. Dkt. 35. For

11 the reasons set forth below, the Court should grant state defendants' motion and

12 dismiss plaintiff's complaint without prejudice.

13       Summary judgment is supported if the pleadings, the discovery and disclosure

14 materials on file, and any affidavits show that there is no genuine issue as to any

15 material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ.

16 P. 56(c). The moving party bears the initial burden to demonstrate the absence of a

17 genuine dispute of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

18 (1986). A genuine dispute concerning a material fact is presented when there is

19 sufficient evidence for a reasonable jury to return a verdict for the non-moving party.

20 *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 253 (1986). A "material" fact is one which

21 is "relevant to an element of a claim or defense and whose existence might affect the

22 outcome of the suit," and the materiality of which is "determined by the substantive law

23

24

25

REPORT AND RECOMMENDATION - 6

1  governing the claim." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d
2  626, 630 (9th Cir. 1987).

3      When the Court considers a motion for summary judgment, "[t]he evidence of the
4  non-movant is to be believed, and all justifiable inferences are to be drawn in [their]
5  favor." *Anderson*, 477 U.S. at 255. However, the Court is not allowed to weigh evidence
6  or decide credibility. *Id*. If the moving party meets their initial burden, an adverse party
7  may not rest upon the mere allegations or denials of the pleadings; his or her response,
8  by affidavits or as otherwise provided in Fed. R. Civ. P. 56, must set forth specific facts
9  showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). The Court may not
10  disregard evidence solely based on its self-serving nature. *Nigro v. Sears, Roebuck &*
11  *Co.,* 784 F.3d 495, 497 (9th Cir. 2015).

12      In response to the motion for summary judgment, the nonmoving party is
13  required to present specific facts, and cannot rely on conclusory allegations. *Hansen v.*
14  *U.S.*, 7 F.3d 137, 138 (9th Cir. 1993). The Court must determine whether the specific
15  facts that are presented by the non-moving party, considered along with undisputed
16  context and background facts, would show that a rational or reasonable jury might
17  return a verdict in the non-moving party's favor based on that evidence. *Emeldi v.*
18  *University of Oregon*, 698 F.3d 715, 728-29 (9th Cir. 2012).

19      When a person confined by the government is challenging the very fact or
20  duration of his physical imprisonment, and the relief he seeks will determine that he is or
21  was entitled to immediate release or a speedier release from that imprisonment, his sole
22  federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 41 U.S. 475, 500
23  (1973).

24

25

REPORT AND RECOMMENDATION - 7

1    In *Heck v. Humphrey*, the United States Supreme Court held that "to recover

2 damages for an alleged unconstitutional conviction or imprisonment, or for other harm

3 caused by actions whose unlawfulness would render a conviction or sentence invalid, a

4 § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct

5 appeal, expunged by executive order, declared invalid by a state tribunal authorized to

6 make such determination, or called into question by a federal court's issuance of writ of

7 habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

8 Although the Court in *Heck* analyzed claims raised pursuant to 42 U.S.C. § 1983, a

9 complaint is *Heck* barred regardless of the statutory basis alleged, if success in the suit

10 would challenge the validity of a conviction that has not been previously invalidated.

11 *See, Erlin v. United States*, 364 F.3d 1127, 1131 (9th Cir. 2004). Similarly, claims are

12 *Heck* barred (absent prior invalidation) – regardless of the relief sought, if success in the

13 action would necessarily invalidate a conviction. *Wilkinson v. Dotson*, 544 U.S. 74, 81-

14 82 (2005).

15    The purpose of the doctrine set forth in *Heck* is to avoid the possibility of

16 conflicting civil and criminal judgments, and to prevent collateral attacks on a criminal

17 judgment through the use of civil tort actions. *McDonough v. Smith*, 139 S. Ct. 2149,

18 2157 (2019). Accordingly, to state a Section 1983 claim that would necessarily

19 invalidate a prisoner's confinement or its duration, the plaintiff must show that the

20 sentence or conviction has been invalidated prior to bringing the Section 1983 action.

21 *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

22    The parties agree that on May 5, 2015 plaintiff was detained by the Tacoma

23 Police Department, questioned and taken to the Tacoma Police Department for further

24

25

REPORT AND RECOMMENDATION - 8

questioning regarding a crime that had occurred on May 1, 2015. Dkt. 26 at 3, Dkt. 35 at 3-4. The parties also agree that after hours of questioning at the Tacoma Police Department, plaintiff was released but his vehicle was impounded. Dkt. 26 at 3, Dkt. 35 at 5. A search warrant was issue authorizing a search of the vehicle. Dkt. 36 Ex. 1. During the search of the vehicle, the Tacoma Police Department found contraband leading to plaintiff being charged and convicted of several crimes. *See*, Dkt. 26 at 3; Dkt. 36 at ¶ 22; Dkt. 37 at Ex. 1-5.

Plaintiff alleges that through their misconduct the Tacoma Police Department discovered evidence that led to plaintiff's conviction. Plaintiff has raised these same allegations in state court arguing the evidence should have been excluded because it was improperly discovered. The trial court and appellate court considered and rejected plaintiff's arguments. As a result, the Court of Appeals for the State of Washington affirmed in part plaintiff's conviction. Accordingly, success in this action would necessarily invalidate the evidence used to convict plaintiff and invalidate plaintiff's conviction. Further, success in this action would create a conflict between civil and criminal judgments, and amount to a collateral attack on a state criminal judgment through a federal civil tort action. This is the very result that the doctrine set forth in *Heck* was designed to avoid. *See McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019).

Based on the foregoing, the Court should find that plaintiff's claims are barred by *Heck*, unless plaintiff can demonstrate that his conviction has been previously invalidated. Therefore, the Court should grant the state defendants' motion for summary judgment.

1

2    B. <u>Federal Defendants</u>

3        Plaintiff's complaint also names Jacob Whitehurst, Todd Bakken and Tom

Grabski (collectively "federal defendants") as defendants in this action. Dkt. 26. The

4    federal defendants have not filed any dispositive motions. However, for the reasons

5    discussed below, the Court should also dismiss plaintiff's claims against the federal

6    defendants.

7        Pursuant to 28 U.S.C. 1915A, the Court must dismiss the complaint of a prisoner

8    proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a)

9    "is frivolous or malicious", (b) "fails to state a claim on which relief may be granted" or

10   (c) "seeks monetary relief against a defendant who is immune from such relief." 28

11   U.S.C. § 1915A(a), (b).

12       Plaintiff's complaint alleges that these federal defendants were also involved in

13   the detention, search and arrest of plaintiff. Dkt. 26. Plaintiff's complaint also alleges

14   that these federal defendants participated in the alleged constitutional violations that

15   resulted in plaintiff's conviction. *Id.* Accordingly, because the factual allegations raised

16   against the federal defendants and the state defendants are identical and both

17   challenge the validity of plaintiff's conviction, plaintiff's claims against the federal

18   defendants are also *Heck* barred.

19       For the reasons discuss above, unless plaintiff can demonstrate that his

20   conviction has been invalidated, the Court should also dismiss plaintiff's complaint

21   against the federal defendants pursuant to 28 U.S.C. 1915A.

22

23

24

25

REPORT AND RECOMMENDATION - 10

III.    IN FORMA PAUPERIS STATUS ON APPEAL

The Court must also decide whether plaintiff's in forma pauperis status should continue on appeal. See 28 U.S.C. §1915(a)(3) ("an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith"). The Court must determine whether appeal is frivolous or malicious, or whether it fails to state a claim on which relief may be granted. See 28 U.S.C. §1915(e)(2)(B)(i)&(ii).

Here, plaintiff's allegations and the submitted evidence demonstrate that plaintiff's claims are *Heck* barred. While plaintiff may raise this cause of action if his conviction is invalidated, based on the current status of plaintiff's conviction, an appeal would be frivolous. Accordingly, the Court recommends that *in forma pauperis* status should be denied on appeal.

IV.    CONCLUSION

Based on the foregoing, the undersigned recommends that the Court GRANT the state defendants' motion for summary judgment (Dkt. 35) and dismiss plaintiff's claims against all defendants.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2).

REPORT AND RECOMMENDATION - 11

1    Accommodating this time limitation, this matter shall be set for consideration on

2  **October 30, 2020**, as noted in the caption.

3    Dated this 14th day of October, 2020.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12